UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER JEFFERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF FREMONT, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-12-0926 EMC<br><br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>**(Docket No. 13)** |

       Plaintiff Walter Jefferson has filed suit against Defendants the City of Fremont, the Fremont Tennis Center ("FTC"), and several employees of the FTC, asserting claims for, *inter alia*, discrimination, harassment, and retaliation. Currently pending before the Court is Defendants' motion to dismiss. Having considered the parties' briefs[1] as well as the oral argument presented at the hearing on the motion, the Court hereby **GRANTS** in part and **DENIES** in part Defendants' motion. Mr. Jefferson, however, has leave to file an amended complaint as described below.

## I.   **FACTUAL & PROCEDURAL BACKGROUND**

       In his complaint, Mr. Jefferson alleges as follows.

       Mr. Jefferson is a biracial minority man. *See* Compl. ¶ IV.1. The FTC is a public park located in Fremont. *See* Compl. ¶ III.3. Jeff Gonce is the tennis director of the FTC. *See* Compl. ¶

---

[1] In the interest of justice, the Court shall consider Mr. Jefferson's opposition brief, although it was not timely filed. Mr. Jefferson should take note, however, that, although at present he is proceeding pro se, he is still subject to the Federal Rules of Civil Procedure and the Civil Local Rules. If submissions continue to be untimely, the Court may, in the exercise of its discretion, give those submissions little to no consideration.

1  III.4. Joe Grech, Annabelle Holland, and Kelly King are individuals employed by the FTC. *See*
2  Compl. ¶¶ III.5-7.
3      Starting in or about 1985, Mr. Jefferson used the FTC without incident. However, in 2009,
4  when Mr. Gonce became the tennis director of the FTC, Mr. Jefferson began to be harassed. *See*
5  Compl. ¶ IV.1-2. For example, without any cause, Ms. Holland and Mr. King threatened to call the
6  police on Mr. Jefferson. *See* Compl. ¶¶ IV.3-4, IV.8. Mr. Grech also leveled a threat to Mr.
7  Jefferson without cause, both over the phone and in person. *See* Compl. ¶ IV.5.
8      Subsequently, Mr. Jefferson filed a complaint against Mr. Gonce, the tennis director. *See*
9  Compl. ¶ IV.6. In response, Mr. Gonce changed the policies of the FTC to prevent Mr. Jefferson
10 from captaining a team at the FTC and from using the FTC tennis courts. *See* Compl. ¶ IV.6. After
11 Mr. Jefferson complained about the new policies, Mr. Gonce refused to accept payment and the
12 newly required form from Mr. Jefferson. Mr. Gonce also barred from Mr. Jefferson and his team
13 from the FTC. *See* Compl. ¶ IV.7.
14     According to Mr. Jefferson, Mr. Gonce's actions were designed "to keep the racial balance at
15 the FTC predominantly Caucasian and Asian. African American or Hispanic teams are not allowed
16 to play at the FTC . . . ." Compl ¶ IV.11.
17     Based on, *inter alia*, the above allegations, Mr. Jefferson has asserted various federal and
18 state law claims. He seeks as relief both money damages and injunctive relief, as well as fees and
19 costs. In the pending motion to dismiss, Defendants seek dismissal of each of the causes of action.
20 Defendants further ask the Court to rule that Mr. Jefferson has no standing to seek injunctive relief,
21 that punitive damages may not be awarded against the City, and that Mr. Jefferson is not entitled to
22 attorney's fees since he is proceeding pro se.

## II. **DISCUSSION**

A. <u>Legal Standard</u>

    Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, a court

must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Iqbal*, 129 S. Ct. at 1949.

B.   Title 42 U.S.C. § 1981 and Title III of the Civil Rights Act of 1964

The specific causes of action identified in Mr. Jefferson's complaint do not, with one possible exception, appear to be based on federal law. However, in his complaint, Mr. Jefferson does make reference to federal law; more specifically, he suggests that Defendants' actions are in violation of 42 U.S.C. § 1981 and Title III of the Civil Rights Act of 1964. *See* Compl. ¶ I. To the extent Mr. Jefferson seeks to plead a claim for relief under either statute, he has failed to adequately state such a claim.

   1.   Section 1981

With respect to the § 1981 claim, the statute provides in relevant part as follows:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . .

42 U.S.C. § 1981(a).

> "To establish a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.)."

*Poirier v. City of N. Hollywood*, No. CV 11-2030-JVS (RNB), 2011 U.S. Dist. LEXIS 137477, at *34-35 (C.D. Cal. Nov. 2, 2011).

In the instant case, there are no factual allegations in the complaint that would support a § 1981 claim. Presumably, Mr. Jefferson would like to rely on that part of § 1981 that concerns the making and enforcing of contracts. However, there are no allegations in the complaint as it currently stands that implicate a contract. Accordingly, the Court dismisses the § 1981 claim, but without prejudice. Mr. Jefferson has leave to file an amended § 1981 claim. To the extent Mr. Jefferson intends to make a contract-based § 1981 claim (as opposed to one of the other bases enumerated in *Poirier*), he will need to allege that

> (1) he is a member of a protected class; (2) he attempted to contract for certain services; (3) he was denied the right to contract for those services; and (4)(a) he was deprived of services while similarly situated persons outside the protected class were not and/or (b) he received services in a markedly hostile manner and in a manner in which a reasonable person would find objectively discriminatory.

*Norton v. McDonald Hamburger Corp.*, No. CIV. S-05-0639 FCD DAD PS, 2006 U.S. Dist. LEXIS 9407, at *8 (E.D. Cal. Mar. 9, 2006).

    2.    <u>Title III</u>

Title III of the 1964 Civil Rights Act provides in relevant part as follows:

> Whenever the Attorney General receives a complaint in writing signed by an individual to the effect that he is being deprived of or threatened with the loss of his right to the equal protection of the laws, on account of his race, color, religion, or national origin, by being denied equal utilization of any public facility which is owned, operated, or managed by or on behalf of any State or subdivision thereof, other than a public school or public college as defined in section 401 of title IV hereof [42 U.S.C. § 2000c], and the Attorney General believes the complaint is meritorious and certifies that the signer or signers of such complaint are unable, in his judgment, to initiate and maintain appropriate legal proceedings for relief and that the institution of an action will materially further the orderly progress of desegregation in public facilities, the Attorney General is authorized to institute for or in the name of the United States a civil action in any appropriate district court of the United States against such parties and for such relief as may be appropriate, and such court shall have and shall exercise jurisdiction of proceedings instituted pursuant to this section.

42 U.S.C. § 2000b(a).

A number of courts have held that, because "[b]y its plain terms, Title III of the Civil Rights act authorizes the *Attorney General* to bring suit to vindicate equal protection rights[,] . . . Title III does not create a private right of action." *Brown v. Warden Voorhies*, No. 07-cv-13, 2012 U.S. Dist. LEXIS 44511, at *31 (S.D. Ohio Mar. 30, 2012) (emphasis in original); *see also Davis v. City of Dearborn*, No. 2:09-cv-14892, 2010 U.S. Dist. LEXIS 133546, at *18 (E.D. Mich. Dec. 17, 2010) (collecting cases holding that no private right of action exists under Title III). In other words, an individual is not permitted to bring suit under Title III. While 42 U.S.C. § 2000b-2 does provide that "[n]othing in this title [42 U.S.C. §§ 2000b-2000b-3] shall affect adversely the right of any person to sue for or obtain relief in any court against discrimination in any facility covered by this title," 42 U.S.C. § 2000b-2, that in and of itself does not necessarily give rise to a private right of action under Title III. *See Lyle v. Golden Valley*, 310 F. Supp. 852, 854 (D. Minn. 1970) (stating that, under § 2000b-2, "the Attorney General may initiate a civil proceeding and . . . such will not affect adversely the rights of any individual to sue for or obtain relief against discrimination in any public facility covered by the subchapter"; the statute "does not give a remedy but merely states that no remedy shall be taken away").

However, because Mr. Jefferson's brief referred to Title II rather than Title III (it appears to have been a typographical error) and Defendants' papers focus on Title II, this issue has not been briefed. The Court therefore dismisses the Title III claim, but does so without prejudice in order to afford Mr. Jefferson a chance to clarify his complaint and Defendants to again move to dismiss with full briefing should they so chose.

C. Racial Discrimination in Violation of the California Unruh Civil Rights Act[2]

The first cause of action named in Mr. Jefferson's complaint is racial discrimination violation of the California Unruh Civil Rights Act. The Act provides in relevant part as follows:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation are entitled to the full and equal

---

[2] In his complaint, Mr. Jefferson has not alleged racial discrimination in violation of a federal statute such as 42 U.S.C. § 1983; he has invoked only state law.

5

accommodations, advantages, facilities, privileges, or services in all
business establishments of every kind whatsoever.

Cal. Civ. Code § 51(b). According to Mr. Jefferson, Defendants have violated the Act by discriminating against him on the basis of race.

In their motion, Defendants argue that the racial discrimination claim should be dismissed because Mr. Jefferson is seeking damages as relief,[3] *see* Compl. ¶ 5 (seeking "statutory damages, among other remedies of up to three times actual damages as determined by the Court but not less than $4,000.00 for each violation by each Defendant"; also asking in the prayer for relief for money damages in the amount of $4 million), and, "[u]nder the [California Tort] Claims Act ['CTCA'], suits against public entities 'for money or damages' may not proceed unless a written claim has been presented and first acted upon or rejected by the entity." *King v. San Francisco Cmty. College Dist.*, No. C 10-01979 RS, 2010 U.S. Dist. LEXIS 110012, at *14-15 (N.D. Cal. Oct. 6, 2010) (Seeborg, J.) (citing California Government Code § 945.4). The claim presentation requirement is also applicable to suits against public employees for money or damages, at least where the action is for an injury resulting from an act or omission in the scope of the public employee's employment. *See* Cal. Gov't Code § 950.2 (providing that, "[e]xcept as provided in Section 950.4, a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred under Part 3 (commencing with Section 900) of this division or under Chapter 2 (commencing with Section 945) of Part 4 of this division"); *see also Silva v. Barreras*, No. 09-CV-2193-W (BGS), 2012 U.S. Dist. LEXIS 46327, at *12 (S.D. Cal. Feb. 17, 2012) (stating that, "[w]hen defendants are public employees, the plaintiff must first submit a claim to the public entity that employs the defendants before filing a lawsuit seeking money damages for violations of California law"); *Watson v. State of Cal.*, 21 Cal. App. 4th 836, 843 (1993) (stating that "[i]t is well settled that a government claim must be filed with the public entity

---

[3] The Court notes that Mr. Jefferson seeks not only damages but also injunctive relief as a remedy. However, the "primary purpose" of the action is money damages, and therefore, the claim presentation requirement is applicable. *Gatto*, 98 Cal. App. 4th at 762.

before a tort action is brought against the public entity or public employee"; citing § 950.2). Defendants point out that Mr. Jefferson has failed to allege that he complied with the statute's claim presentation requirement before bringing suit.

Defendants are correct that claims under § 51 of the California Unruh Civil Rights Act are subject to the CTCA's claim presentation requirement. *See, e.g.*, *King*, 2010 U.S. Dist. LEXIS 110012, at *14 (noting that "courts have held that violations under various California Civil Code sections related to the Unruh Civil Rights Act are subject to the Government Claims Act"); *Williams v. City of Antioch*, No. C 08-02301 SBA, 2010 U.S. Dist. LEXIS 97845, at *9 (N.D. Cal. Sept. 2, 2010) (noting that "'Government Code section 905 lists several exceptions to the general rule that public entities must be provided notice of all claims for money or damages'" and that "'claims for damages for violations of section 51 and 52.1 are not among them'"); *Gatto v. County of Sonoma*, 98 Cal. App. 4th 744, 763 (2002) (noting the same). Defendants are also correct that there is no allegation in the complaint that Mr. Jefferson complied with the claim presentation requirement. The Court therefore grants Defendants' motion to dismiss this claim for relief.

The dismissal, however, shall be without prejudice because, in his opposition brief, Mr. Jefferson argues that he has, in essence, satisfied the claim presentation requirement by meeting with some of the defendants and a City attorney prior to filing suit. He also suggests that he had both written and oral communications with the City about this dispute. The Court therefore shall allow Mr. Jefferson to amend his claim for relief by including specific factual allegations as to how he substantially complied with the claim presentation requirement or why he should be excused from compliance with the requirement. *See State of Cal. v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1239 (2004) ("conclud[ing] that failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action"). Under the substantial compliance test, a "court must ask whether sufficient information is disclosed on the face of the filed claim to reasonably enable the public entity to make an adequate investigation of the merits of the claim and settle it without the expense of a lawsuit." *Wood v. Riverside Gen. Hosp.*, 25 Cal. App. 4th 1113, 118 (1994). As for excuse from compliance, the California Supreme Court has indicated that one such appropriate excuse

would be where the defendant has acted in such a way that, as an equitable matter, it should be estopped from asserting the claim presentation requirement as a bar to the plaintiff's suit. *See Bodde*, 32 Cal. 4th at 1245. Thus, for instance, if Mr. Jefferson was misled by the City and relied upon such misrepresentation in failing to file a formal claim under the CTCA, he may attempt to assert such an excuse.

D. <u>Denial of Equal Access in Violation of California Civil Code § 55.54</u>

Mr. Jefferson's second cause of action is for denial of equal access in violation of California Civil Code § 55.54. Section 55.54, however, does not give rise to a private right of action; it is procedural in nature, allowing a defendant in certain circumstances to seek a stay and early neutral evaluation. *See* Cal. Civ. Code § 55.54(b)(1) (providing that, "upon being served with a summons and complaint asserting a construction-related accessibility claim, including, but not limited to, a claim brought under Section 51, 54, 54.1, or 55, a qualified defendant may file a request for a court stay and early evaluation conference in the proceedings of that claim prior to or simultaneous with the qualified defendant's responsive pleading or other initial appearance in the action that includes the claim"). Moreover, § 55.54 comes into play only when the claim at issue is a construction-related accessibility claim, and here Mr. Jefferson has made no assertion about a disability. *Cf.* Cal. Civ. Code § 55.52(a)(6) (defining "construction-related accessibility standard" as "a provision, standard, or regulation under state or federal law requiring compliance with standards for making new construction and existing facilities accessible to persons with disabilities"). Accordingly, the Court grants Defendants' motion to dismiss the § 55.54 claim with prejudice.

E. <u>Unfair Competition in Violation of California Business & Professions Code § 17200</u>

California Business & Professions Code bars as unfair competition "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. In his third cause of action, Mr. Jefferson asserts that Defendants violated § 17200 by engaging in "unfair harassment and discriminatory acts and practices." Compl., Third Cause of Action ¶ 6.

To the extent the § 17200 claim is based on harassment, the Court dismisses the claim without prejudice because the harassment claim cannot survive dismissal as discussed below.

To the extent the § 17200 claim is based on discrimination, Defendants argue in favor of dismissal because of the failure to comply with the claim presentation requirement of the CTCA. This argument, however, has problems. "Section 17200 . . . entitles an individual litigant only to injunctive and restitutionary relief; it does not provide for damages." *Cort v. St. Paul Fire & Marine Ins. Cos.*, 311 F.3d 979, 987 (9th Cir. 2002); *see also In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009) (noting that "[a] UCL action is equitable in nature; damages cannot be recovered" and "[p]revailing plaintiffs are generally limited to injunctive relief and restitution") (internal quotation marks omitted ). In the instant case, it does not appear that Mr. Jefferson is seeking any restitutionary relief for the alleged discrimination (*e.g.*, monetary reimbursement). Thus, the only relief available for the § 17200 claim would be injunctive relief. As noted above, the CTCA claim presentation requirement kicks in only where there is a claim for monetary relief, not injunctive relief.

Thus, the Court grants in part and denies in part the motion to dismiss the § 17200 claim. More specifically, the Court grants the motion to the extent the claim is based on alleged harassment but denies the motion to the extent the claim is based on alleged discrimination. Mr. Jefferson has leave to amend the § 17200 claim to the extent the claim is based on alleged harassment.

F.  <u>Harassment in Violation of "Harassment Act 1997"</u>

Mr. Jefferson's fourth cause of action is for harassment in violation of the "Harassment Act 1997." Because there is no such state or federal statute, the claim shall be dismissed with prejudice. The Court, however, gives Mr. Jefferson leave to plead a claim for harassment under another law, whether state or federal.

G.  <u>Professional Negligence</u>

Mr. Jefferson's claim for professional negligence is based on the individual defendants' discriminatory acts and the City's failure (1) "to hire persons who were not racially biased and familiar with the laws governing such acts," (2) "to train . . . employees regarding civil rights and Federal and State laws regarding discrimination and consequences of discriminatory acts," and (3) "to supervise . . . employees . . . of their duty to comply with state and federal laws regarding civil rights," and (4) "to discipline or terminate employees who continue to refuse to operate within the

state and federal laws regarding civil rights." Compl., "Sixth" Cause of Action ¶ 11. Defendants move for dismissal of the negligence claim because of Mr. Jefferson's failure to comply with the claim presentation requirement of the CTCA. *See Williams*, 2010 U.S. Dist. LEXIS 97845, at *9 (noting that "[a] suit for money or damages includes all actions where the plaintiff is seeking monetary relief, regardless whether the action is founded in tort, contract or some other theory") (internal quotation marks omitted). Defendants also move for dismissal of the claim against the City on the basis that, under California law, there is no common liability against a public entity, only statutory liability.

The Court grants the motion to dismiss the negligence claim based on the failure to comply with the claim presentation requirement, but grants Mr. Jefferson leave to amend for the reasons stated above.

To the extent Defendants argue that there should also be dismissal – as to the City at least – because there is no common law liability against the City, the Court does not find the argument convincing. It is true that California Government Code § 815(a) provides as follows: "Except as otherwise provided by statute: (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov't Code § 815(a) (emphasis added). However, here, there is a statute that does seem to provide for liability, namely, California Government Code § 815.2(a), which provides in relevant part that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of employment." Cal. Gov't Code § 815.2(a).

Thus, the Court grants the motion to dismiss the professional negligence claim but based solely on the failure to comply with the claim presentation requirement. As above, the Court shall allow Mr. Jefferson to amend the claim to include specific factual allegations as to how he substantially complied with the claim presentation requirement or why he should be excused from compliance with the requirement.

H. Retaliation

Finally, Mr. Jefferson brings a claim for retaliation. According to Mr. Jefferson, after he complained to the City about Mr. Gonce, Mr. Gonce "retaliated by changing the rules of the FTC to

specifically bar [Mr. Jefferson] [from] participat[ing] in activities at the FTC." Compl., "Seventh" Cause of Action ¶ 15. Defendants argue that, if based on state law, the claim should be dismissed for failure to comply with the claim presentation requirement of the CTCA. Defendants further argue that, if based on federal law (*e.g.*, 42 U.S.C. § 1983), the claim should be dismissed for failure to adequately allege a causal connection between Mr. Jefferson's protected activity and the retaliatory conduct. Defendants point out that Mr. Jefferson "does not allege when he filed a complaint against [Mr.] Gonce, or when the alleged change of tennis club rules occurred." Mot. at 10 (emphasis in original).

The Court agrees with Defendants that, if based on state law, the claim must be dismissed for failure to comply with the claim presentation requirement. However, Mr. Jefferson has leave to amend the claim to plead specific factual allegations as to how he substantially complied with the requirement or why he should be excused from compliance with the requirement. In addition, if Mr. Jefferson wishes to pursue a state law claim of retaliation, he must address the causation issue discussed below in connection with the federal retaliation claim.

To the extent the retaliation claim is based on federal law, the CTCA claim presentation requirement is irrelevant. That being said, the Court again agrees with Defendants that there are still insufficient allegations to support a claim for relief. The only federal retaliation claim that Mr. Jefferson would seem have to have is a claim for retaliation in violation of the First Amendment under 42 U.S.C. § 1983. To establish such a claim for relief, a plaintiff

> must ultimately prove first that [Defendants] took action that would chill or silence a person of ordinary firmness from future First Amendment activities. . . . The second requirement is [that] . . . [Plaintiff] must ultimately prove that [Defendants'] desire to cause the chilling effect was a but-for cause of [Defendants'] action.

*Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900-01 (9th Cir. 2008); *see also Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010) stating that, "[t]o recover under § 1983 for such retaliation, a plaintiff must prove: (1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary

11

firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action").[4]

In the instant case, Mr. Jefferson has failed to include adequate allegations demonstrating that there was a causal connection between his First Amendment activity and the adverse action taken by Defendants. In the employment discrimination context, courts have noted that one way of establishing a causal link is to show that the adverse action took place "'very close'" in time after the plaintiff has engaged in the protected activity. *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001). Although this is not the only way to establish a causal connection, Mr. Jefferson may wish to include specifics about the timing of his complaint and the subsequent adverse action as that may well cure the causality problem. In any event, the Court gives Mr. Jefferson leave to amend his federal retaliation claim to include specific factual allegations establishing a causal connection between his protected activity and the adverse action taken by Defendants.

I. Prayer for Relief

Finally, Defendants move to dismiss with respect to certain requests for relief, namely, injunctive relief, punitive damages, and attorney's fees.

1. Injunctive Relief

The Court rejects Defendants' argument that Mr. Jefferson lacks standing to seek injunctive relief. Mr. Jefferson has shown "'a sufficient likelihood that he will again be wronged in a similar way,'" *Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 948 (9th Cir. 2011), because he contends that he is being barred from accessing and/or using the FTC and there is nothing to indicate that Defendants are now willing to permit him to access and/or use the FTC.

2. Punitive Damages

The Court, however, agrees with Defendants that, on the California Unruh Civil Rights Act claim, Mr. Jefferson's request for "up to three times the amount of actual damages . . . but no less than $4,000.00 for each violation," Compl. (Prayer for Relief ¶ 4), is not appropriate as to the City.

---

[4] Mr. Jefferson has not alleged a claim of racial discrimination under 42 U.S.C. Section 1983.

12

Under California Government Code § 818, punitive or exemplary damages may not be awarded against a public entity such as the City. *See* Cal. Gov't Code § 818 (providing that, "[n]otwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant"). California Civil Code § 52(a) – to the extent it allows for up to three time the amount of actual damages but in no case less than $4,000 – is punitive in nature. *See Harris v. Capital Growth Investors XIV*, 52 Cal. 3d 1142, 1172 (1991) (stating that "the damages provision [in § 52(a)] allowing for an *exemplary* award of up to treble the actual damages suffered with a stated minimum amount reveals a desire to punish intentional and morally offensive conduct") (emphasis added), *overruled on other grounds by Munson v. Del Taco, Inc.*, 46 Cal. 4th 661 (2009); *see also Doran v. Embassy Suites Hotel*, No. C-02-1961 EDL, 2002 U.S. Dist. LEXIS 16116, at *4-5 (N.D. Cal., Aug. 20, 2002); *Botosan v. Fitzhugh*, 13 F. Supp. 2d 1047, 1052 (S.D. Cal. 1998) (adopting the *Harris* court's finding that the treble damages component was punitive in nature).

The Court therefore grants the motion to dismiss the request for punitive damages – for the alleged violation of the Unruh Civil Rights Act – as to the City only.

3. <u>Attorney's Fees</u>

Finally, the Court notes that it is not clear whether Mr. Jefferson is even asking for attorney's fees in the first place. *See* Compl. (Prayer for Relief ¶ 5) (asking the Court to award fees and costs generally, not attorney's fees specifically). However, to the extent that he is, the Court agrees that Mr. Jefferson is not entitled to compensation for his own time litigating the case. *Cf. Hannon v. Security Nat'l Bank*, 537 F.2d 327, 328-29 (9th Cir. 1976) (noting that a person who is not an attorney cannot provide attorney services and therefore cannot be paid attorney's fees). Of course, this does not preclude Mr. Jefferson from asking for attorney's fees if he gets advice from an attorney, even if the attorney does not make a formal appearance. *See, e.g.*, *Blazy v. Tenet*, 194 F.3d 90, 94 (D.C. Cir. 1999) (refusing to exclude the collection of fees paid to lawyers who were consulted by a pro se plaintiff in the formulation of his or her case).

///

### III. CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Defendants' motion to dismiss. More specifically, the Court:

(1) Grants the motion to dismiss the § 1981 claim. Mr. Jefferson has leave to amend the claim.

(2) Grants the motion to dismiss the Title III claim. The Title III claim is dismissed with leave to amend.

(3) Grants the motion to dismiss the California Unruh Civil Rights Act claim. Mr. Jefferson has leave to amend the claim to address the claim presentation requirement of the CTCA.

(4) Grants the motion to dismiss the § 55.54 claim. This claim is dismissed with prejudice – *i.e.*, Mr. Jefferson does not have leave to amend the claim.

(5) Grants in part and denies in part the motion to dismiss the § 17200 claim. Mr. Jefferson has leave to amend the harassment claim dismissed.

(6) Grants the motion to dismiss the harassment claim. The dismissal of the claim is with prejudice to the extent the claim is based on the alleged "Harassment Act of 1997." Mr. Jefferson, however, has leave to assert a harassment claim based on another law, whether state or federal.

(7) Grants the motion to dismiss the claim for professional negligence. Mr. Jefferson has leave to amend the claim to address the claim presentation requirement of the CTCA.

(8) Grants the motion to dismiss the claim for retaliation. Mr. Jefferson has leave to amend the claim. To the extent the claim is based on state law, Mr. Jefferson has leave to amend to address the claim presentation requirement of the CTCA. As to state and federal law, Mr. Jefferson has leave to amend to address the causal connection issue.

(9) Denies the motion to dismiss the request for injunctive relief.

(10) Grants the motion to dismiss the request for punitive damages against the City (for the alleged violation of the California Unruh Civil Rights Act).

(11) Grants the motion to dismiss the request for attorney's fees but without prejudice, so that should Mr. Jefferson end up retaining an attorney, he would not be barred from asking for fees (assuming that he prevails in the lawsuit).

Mr. Jefferson has until **June 27, 2012**, to file an amended complaint consistent with the rulings in this order. To the extent Mr. Jefferson, in his opposition brief, moved to strike Defendants' papers and for a default, the request is denied.

This order disposes of Docket No. 13.

IT IS SO ORDERED.

Dated: April 30, 2012

_____
EDWARD M. CHEN
United States District Judge

15